IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID BOETTCHER, | |
| Plaintiff, | **8:21CV31** |
| vs. | |
| KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration; | **MEMORANDUM & ORDER** |
| Defendant. | |

This matter is before the Court on Plaintiff David Boettcher's Motion for Attorney Fees in the amount of $3,312.43 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Filing No. 28. The Acting Commissioner of Social Security ("Commissioner") did not object. Filing No. 30 at 1. The Court must independently determine if the plaintiff is entitled to attorneys' fees.

a.  *Motion for Attorney Fees under EAJA*

The EAJA provides for attorney fees if: "(1) the person is a prevailing party; (2) the individual's net worth did not exceed $2,000,000 at the time the civil action was filed; and (3) the fees and expenses were 'incurred by the party in [the] civil action' in which it prevailed." *U.S. S.E.C. v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004) (quoting 28 U.S.C. § 2412(d)(1)(A)–(2)(B)). The fees awarded must be reasonable. § 2412(d)(2)(A)(ii). A reasonable fee under § 2412 will not exceed "$125 per hour unless the court determines that an increase in cost of living or a special factor, such as limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*

For a successful Social Security claimant to collect attorney fees, the Commissioner's position must lack substantial justification. 28 U.S.C. § 2412(d)(2)(A) (West). Substantial justification occurs when the Commissioner's position has a clearly

reasonable basis in law and fact. *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). The Commissioner bears the burden of proving that their position is substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). In this instance, the Commissioner does not argue their position was substantially justified and does not object to Plaintiff's EAJA motion. Filing No. 30 at 1.

The Court finds that the Plaintiff is entitled to attorney fees under the EAJA. The Plaintiff is the prevailing party. Filing No. 26. Additionally, the plaintiff's net worth did not exceed $2,000,000 at the time of filing for this civil action. Filing No. 28-1 at 1. The Plaintiff requests attorney's fees totaling $3,312.43 for 2 hours worked in 2020, 11.2 hours worked in 2021, and 2 hours worked in 2022. Filing No. 28-3. This equates to $415.56 for the 2020 hourly rate, $2,436.45 for the 2021 hourly rate, and $460.42 for the 2022 hourly rate. *Id.* Plaintiff argues the increase in hourly rates from the $125 baseline reflects an increase in the cost of living, as evidenced through the cost-of-living index changes. Filing No. 28-2 at 2–3. Plaintiff also requests an additional $402 for the filing fee. Filing No. 28 at 2.

An increase for the cost of living is generally allowed. *Johnson v. Sullivan*, 919 F.2d 503, 508–10 (8th Cir. 1990). The Court finds that Plaintiff's counsel, Mr. Kappelman, is an experienced social security disability attorney whose work since 2014 has consisted of approximately 50 percent Social Security law. Filing No. 28-2 at 1. Plaintiff's counsel, Mr. Cuddigan, is also an experienced social security disability attorney whose work since 2008 also consists of Social Security Law. *Id.* at 2. Plaintiff's counsel does not generally charge an hourly fee due to their clients' indigence but states that the market rate for the work performed is $250/hour or more. *Id.* The Court further finds that the increase in the cost of living justifies a fee higher than $125 per hour and that the rates Plaintiff requested

are reasonable.   The Court carefully reviewed the hours submitted and finds them reasonable in all aspects.  *Id.*  Thus, the Court concludes that both the amount, and the hours expended, are reasonable.  The Court additionally grants the Plaintiff's request for the $402.00 for the filing fee.  *See* 28 U.S.C. § 2412(c).  The Commissioner argues the EAJA fees are payable to the litigant, not the attorney.  *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010).  The Court also grants the Defendant's request that the EAJA fee award is payable to the plaintiff.  *Id.*

THEREFORE, IT IS ORDERED that:

1. The plaintiff's motion for attorney fees, Filing No. 28, is granted.

2. Pursuant to the Equal Access to Justice Act, attorney fees in the amount of $3,312.43 are to be paid directly to the Plaintiff, less any offset to satisfy a pre-existing debt to the United States.

3. Filing fee in the amount of $402 is likewise to paid directly to the Plaintiff.

4. A separate judgment shall be entered in conjunction with the Memorandum and Order.

Dated this 19th day of August, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge