IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID BOETTCHER,<br><br>      Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,<br><br>      Defendant. | 8:21CV31<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff David Boettcher's motion for attorney fees pursuant to 42 U.S.C. § 406(b). Filing No. 35. Boettcher requests attorney fees under 42 U.S.C. § 406(b) in the amount of $15,200.00, which is less than twenty-five percent (25%) of the amount of Boettcher's total past due benefits. *Id.* The Acting Commissioner of Social Security ("Commissioner") does not object to awarding attorney fees under § 406(b) and concurs that the amount requested is less than 25% of Boettcher's total past-due benefits. Filing No. 36. All that remains is for this Court to independently determine if Boettcher is entitled to attorney fees under this statute, and if the award is reasonable.

## BACKGROUND

Boettcher filed an application for Social Security Disability and Social Security income benefits on July 24, 2018, alleging disability beginning February 14, 2017. Filing No. 17, Administrative Transcript ("TR."), Filing No. 17-2 at 11. The Administrative Law Judge originally denied Boettcher's application, a denial which was finalized by the Commissioner. *Id.* Boettcher then appealed his denial to this Court. Filing No. 20.

1

Boettcher's claim was reversed and remanded to the Social Security Administration for an immediate award of benefits. Filing No. 26.

Boettcher entered into a fee agreement with his attorneys, Wes Kappelman and Sean Cuddigan, in January of 2021. Filing No. 35-1. This fee agreement specified a contingency fee of 25 percent of back benefits awarded to Boettcher and his dependents. Id. The fee agreement outlined that if Boettcher's appeal was successful, Attorney Kappelman would file an application for payment of attorneys' fees from Boettcher's award of benefits. Id. The attorneys' fees would be pursued under the Equal Access to Justice Act ("EAJA") and, if appropriate, then under 42 U.S.C. § 406(b). Id.

This Court awarded $3,312.43 in EAJA fees. Filing No. 32. Boettcher's counsel received the EAJA award without offset. Filing No. 35.

The Social Security Administration issued notices that indicate $20,786.50 of past due benefits on Boettcher's main claim was withheld for attorney fees, and 25% of past due benefits on Boettcher's auxiliary claim for dependent benefits amounts to $6,635.00. Filing No. 35-2. It does not appear the Social Security Administration withheld any part of the award on Boettcher's auxiliary claim. Id.

Attorney Cuddigan is seeking $12,000.00 under 42 U.S.C. § 406(a) for work performed before the Social Security Administration. Filing No. 35 at 2. Boettcher's counsel requests payment of $15,200.00 in attorney's fees under 42 U.S.C. § 406(b), which is an amount that is slightly less than the figure resulting from counsels' accounting ($27,421.50 - $12,000.00 = $15,421.50). Id. After receipt of the requested attorney's fees, Boettcher's counsel will reimburse to him the prior EAJA award in the amount of $3,312.43. Filing No. 35 at 4. If Boettcher's auxiliary benefits were not withheld, his

counsel requests that the EAJA reimbursement may be applied towards satisfying the attorney fee awards under 42 42 U.S.C. § 406(a) and 406(b).  Id.

## LAW

The Social Security Act authorizes a federal district court to award attorney's fees for representation before the court under 42 U.S.C. § 406(b).  Congress enacted § 406(b) to "protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002) (internal quotations omitted).  Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, attorney fees are withheld by the Commissioner and paid directly to the attorney out of past-due benefits awarded. § 406(b); 20 C.F.R. § 404.1720(b)(4) (2011).

"[Section] 406(b) does not displace contingency-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  Gisbrecht, 535 U.S. at 807.  A contingency fee agreement that provides for fees exceeding twenty-five percent of past-due benefits is unenforceable.  Id. If the contingency fee agreement is at or below the twenty-five percent boundary, the attorney for the successful claimant must establish that the fee sought is reasonable in proportion to the services rendered.  Id.

District courts are responsible for conducting an "independent check" to ensure the fee award is reasonable.  Id.  Although the district court may consider the hourly rate in determining the reasonableness of a fee award, the court must first consider the fee agreement, testing it for reasonableness; then reduce the fees based on the character of the representation and results achieved, whether counsel was responsible for delay, and

whether the benefits achieved were large in comparison to the time expended by counsel. *Id.* at 807–08.

A court should determine whether a downward adjustment of an attorney's recovery is appropriate based on the character of the representation and the results the attorney achieved. *Id.* at 808. To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment if the award of benefits is large in comparison to the amount of time counsel spent on the case. *Id.*

Courts may award attorney fees to prevailing claimants and their attorneys under both the EAJA and § 406(b); however, a double recovery is not permitted. *Gisbrecht*, 535 U.S. at 796. "EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded." *Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001). When both awards are granted, the attorney must refund the lesser award to the client. *Id.*

## DISCUSSION

Attorney Cuddigan seeks $12,000.00 under § 406(a), and Attorney Kappelman requests $15,200.00 under § 406(b). Filing No. 35. The Court conducted an independent review of the fee arrangement. Based on the most favorable outcome for Boettcher and the character of the representation, the Court finds that the fee of $15,200.00 requested by counsel under § 406(b) is reasonable, as is Attorney Cuddigan's requested amount of $12,000.00 under § 406(a).

Pursuant to the Court's statutory duty to award appropriate fees under § 406(b), the Court will also consider the existing contingency-fee agreement. *Gisbrecht*, 535 U.S. at 807; Filing No. 35-1. The contingency fee agreement does not request fees in excess

of 25% of Boettcher's recovered benefits. The signed contingency fee agreement is at or below the contingency fee boundary and is thus reasonable.

The next question is whether the fee sought is reasonable in proportion to the services rendered. *Gisbrecht*, 535 U.S. at 807. This request reasonably applies the relevant provisions of § 406(a) and (b) by first limiting recovery to Congress's "boundary line" of 25% of the past-due benefits; then, to afford § 406(b) recovery, by reducing fees under § 406(a) to pay fees under § 406(b). *Id.* Moreover, both attorneys spent a reasonable amount of time on Boettcher's case and given their expertise in social security matters, the fees sought are reasonable.

The Court considers the hourly rate and the number of hours to ensure the attorneys are not receiving a "windfall" in fees compared to the number of hours worked. *See Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989). Here, the attorneys jointly provided 15.2 hours in total at a "hypothetical hourly rate" of approximately $1,000.00 per hour. Filing No. 35 at 3. Boettcher's counsel attached an itemized account for the hours they spent working on his case. Filing No. 35-3. In 2020, Attorney Kappelman billed 0.5 hours at a rate of $207.78 per hour. *Id.* In 2021, he billed 11.2 hours at the rate of $217.54, and in 2022 Attorney Kappelman billed 1.0 hours at $230.21. *Id.* Attorney Cuddigan performed 1.5 hours in 2020 and 1.0 hours in 2022 for the same rates as Attorney Kappelman. *Id.* Based on the accounted-for hours and the hypothetical hourly rate, the Court believes that the requested fees are in keeping with the number of hours expended on behalf of Boettcher's appeal, and neither attorney would receive a windfall in fees.

5

Finally, there are no indications that the attorneys' performance merits downward adjustment for delay or filing boilerplate or ineffective assistance. Thus, the Court finds the request reasonable and grants Boettcher's motion for attorneys' fees under § 406(b).

THEREFORE, IT IS ORDERED THAT:

1. Plaintiff's motion for attorneys' fees under 42 U.S.C. § 406(b), Filing No. 35, is granted.

2. Attorney Cuddigan is awarded $12,000.00 under 42 U.S.C. § 406(a).

3. Attorney Kappelman is awarded $15,200.00 under 42 U.S.C. § 406(b)(1).

4. The Social Security Administration is ordered to send the attorney fees awarded under 42 U.S.C. §§ 406(a) and 406(b) to Attorney Cuddigan, who will then disperse the appropriate amount to Attorney Kappelman.

5. If the Social Security Administration failed to withhold on the auxiliary benefits, the EAJA award that was previously received may be applied towards satisfying the attorney fee awards under 42 U.S.C. §§ 406(a) and 406(b).

6. A judgment in accordance with this Memorandum and Order will issue on this date.

Dated this 5th day of October, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge